JANVIER, Judge.
This workmen’s compensation suit is now before us on motion of plaintiff-appellant to remand the matter to the Civil District Court for the Parish of Orleans in order that he may be afforded an opportunity to offer additional evidence tending to show continued disability 'and to offer in particular certain X-ray photographs taken at the Charity Hospital in New Orleans, apparently on November IS, 1955, nineteen months after the accident, which, according to counsel for plaintiff and according to one of the reports of the Charity Hospital, show that at that time one of plaintiff’s ribs showed evidences of an old fracture which had healed.
The wording on this report is as follows:
“No pathology demonstrated by X-rg. Clinically old fx of R8th rib ant. healed.”
As this is translated, apparently correctly by counsel for plaintiff, it means that at that time there was evidence of an old fracture of the eighth anterior rib, which fracture had healed.
Whether plaintiff sustained a fractured rib in the accident from which this suit results was not an issue. As a matter of fact, it was not even alleged that he had sustained such a fracture, and in the answer of defendants it was admitted that he had sustained injuries but liability for further compensation was denied on the ground that all disability which had been caused by the accident had terminated and that any disability which existed and particularly which existed at the time of the trial resulted not from the accidental injury nor from any aggravation of a pre-existing condition, but simply from the pre-existing condition itself. It was conceded that plaintiff had been temporarily disabled.
The District Judge was well convinced that at the time of the trial all of the effects of the accident had disappeared' and that no disability was caused by the preexisting condition from which plaintiff suffered.
In his reasons for judgment the District, Court Judge said:
“The x-rays and medical testimony leave no doubt that at the time of the accident plaintiff had a pre-existing scoliosis and hypertrophic changes with osteoarthritis, which is to be expected in a man 52 years old as part of the aging process. * * * ”
The District Judge further stated that of course aggravation of a pre-existing condition entitles a plaintiff to compensation, but that the medical evidence in this case “overwhelmingly” demonstrated that such aggravation “should have cleared up not *747 later than four or five months” after the accident.
And the District Judge was further of the opinion that the medical evidence, by a substantial preponderance, showed that the disability resulting from the accident had entirely disappeared.
Since the question of whether the plaintiff had sustained a fractured rib was not and is not an issue, no useful purpose would be served by remanding the matter in order to permit the introduction of evidence showing that there had been such a fracture.
The motion to remand is overruled.
Motion overruled.